[No. D036744. Fourth Dist., Div. One. June 20, 2001.]

CITY OF SAN DIEGO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and STEPHEN E.
MOLNAR, Respondents.

## COUNSEL

Casey Gwinn, City Attorney, Anita M. Noone, Assistant City Attorney, and Robert J. Mulcahy, Deputy City Attorney, for Petitioner.

Law Offices of O'Mara & Hampton and Thomas I. Hampton for Respondent Stephen E. Molnar.

No appearance for Respondent Workers' Compensation Appeals Board.

## Opinion

**McINTYRE, J.**—Under principles of workers' compensation law, an employee commuting to or from work is generally not considered to be acting within the scope of his or her employment at that time. (*Dimmig v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 865-866 [101 Cal.Rptr. 105, 495 P.2d 433].) This principle, which is known as the "going and coming" rule, is subject to an exception where the commuting employee is on a special mission or errand for the employer. (*Id.* at p. 868.) We hold that a police officer whose duties include testifying in court is not on a special mission while commuting from home to court to testify.

### Factual and Procedural Background

San Diego Police Officer Stephen E. Molnar was required by subpoena to attend a court proceeding on a day that he was not scheduled to report for duty. He was scheduled to testify on a matter arising out of his police work as a patrol officer. While Molnar was driving his personal car from home to the courthouse, he was injured in an accident. Thereafter, Molnar submitted a claim for workers' compensation benefits to his employer, the City of San Diego (the City), which is self-insured for workers' compensation purposes. The City denied the claim on the ground that the going and coming rule applied to preclude recovery for his injuries. On Molnar's application to the Workers' Compensation Appeals Board (the Board) for adjudication of his claim for benefits, the workers' compensation judge rejected the City's argument and awarded Molnar benefits based on a finding that he was on a special mission during his commute to the courthouse and thus was acting in the course and scope of his employment at the time of his injury. The City sought reconsideration of the matter by the Board, which affirmed the award of benefits. The City now petitions for a writ of review of the Board's decision.

### Discussion

In precluding recovery of workers' compensation benefits for injuries sustained during an employee's normal commute to and from work, the going and coming rule is based on the notion that an employee is not rendering services that benefit the employer during his or her commute. (*Santa Rosa Junior College v. Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 345, 351-352 [220 Cal.Rptr. 94, 708 P.2d 673].) However, when the employer requests or invites the employee to travel to or from a place to engage in a special activity that is within the scope of employment, the employee's travels on the special mission are deemed to incidentally benefit the employer. (*Dimmig v. Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d at p. 868.)

The special mission exception applies " 'when the employee is requested to perform an unusual service or a usual service at an odd hour[.] [T]he trip becomes "special" because the bother and effort of the trip itself is an important part of what the employee is being compensated for.' " (*Luna v. Workers' Comp. Appeals Bd.* (1988) 199 Cal.App.3d 77, 82 [244 Cal.Rptr. 596].)

To support the existence of a special mission, the underlying activity must be (1) special, that is, extraordinary in relation to the employee's routine duties, (2) within the course of the employee's employment, and (3) undertaken at the request or invitation of the employer. (*C. L. Pharris Sand & Gravel, Inc. v. Workers' Comp. Appeals Bd.* (1982) 138 Cal.App.3d 584, 590 [187 Cal.Rptr. 899].) The City contends that Molnar cannot establish the first prong of a special mission because testifying in court is part of his routine duties as a traffic officer. We agree.

In *Baroid v. Workers' Comp. Appeals Bd.* (1981) 121 Cal.App.3d 558 [175 Cal.Rptr. 633], the court annulled the decision to award workers' compensation benefits to an employee who was injured while traveling to work for a 5:00 a.m. assignment. Although the employee regularly began his workday at 8:00 a.m., the court concluded that because the employee was frequently required to work additional hours, his commute to work at 5:00 a.m. was not "unusual or extraordinary" and thus did not come within the special mission exception of the going and coming rule. (*Id.* at p. 571.)

Similarly, in *Luna v. Workers' Comp. Appeals Bd., supra,* 199 Cal.App.3d 77, a police officer was injured while driving his personal car to the police station at an earlier time than he normally reported for duty so that he could direct traffic for an annual art festival. The officer contended that he was entitled to workers' compensation benefits for his injuries because he was acting within the scope of his employment during the commute to the station pursuant to the special mission exception. The Court of Appeal rejected this contention, however, concluding that because officers' shifts were routinely extended to meet additional needs, the festival had been a annual event for more than 50 years, and officers were expected to work extra hours during the festival and received overtime pay for their efforts, the officer's commute was not an "unusual or special trip" that brought him outside the going and coming rule. (*Id.* at p. 83.)

We conclude that a similar analysis applies here. The record shows that it is an integral part of a San Diego patrol officer's duties to testify, if subpoenaed to do so, in a proceeding arising out of his or her patrol work,

and that such an officer testifies at such proceedings an average of twice a month. Molnar testified that he is subpoenaed to testify an average of one to two times per month. Testimony at the hearing also established that it is not unusual for officers to be called to testify on days when they are not scheduled to report to the station, and that the police department has various policies applicable to officers who testify on off-duty days. Pursuant to one such policy and a memorandum of understanding between the San Diego Police Officers Association and the San Diego Police Department, Molnar received overtime compensation for testifying on an off-duty day.

As observed in *Baroid v. Workers' Comp. Appeals Bd., supra,* 121 Cal.App.3d 558, the common thread of the cases involving a special mission is that there is some deviation in the location, nature or hour of the work to be performed that distinguishes the special mission from the normal work commute. (*Id.* at p. 569.) In contrast here, there was nothing extraordinary about Molnar's travel to the courthouse. The location, nature and timing of the work were within the purview of Molnar's customary work responsibilities, and his travel to the courthouse was a commute that he regularly made in carrying out his duties as a traffic officer. Although police department policies required Molnar to attend court to testify regarding matters arising out of his work, his travels to court did not provide a special benefit to the City different than his commute to the police station to report for duty. We conclude that Molnar's commute to the courthouse was not a special mission but instead was within the purview of the going and coming rule, and thus he is not entitled to receive workers' compensation benefits for injuries suffered during the commute.

## DISPOSITION

The order of the Board is annulled.

Benke, Acting P. J., and O'Rourke, J., concurred.

Respondents' petition for review by the Supreme Court was denied October 17, 2001. Kennard, J., was of the opinion that the petition should be granted.